|148  401|
|191  532|
148      401|
27 SC  205|

# Harrington, Appellant, *v.* Hickman.

*Decedent's estate—Claim for nursing—Contract—Quantum meruit—Evidence.*

The frequency and facility with which unjust claims have been presented and pressed against estates, and the unequal character of the controversy, in which one party is living and the other dead, have led the courts to scrutinize the testimony in support of claims against estates with great care, but the rules of evidence are not changed in such cases.

Services rendered in nursing the decedent can, in the absence of any agreement fixing a price upon them, be recovered for upon a quantum meruit: Smith v. Milligan, 43 Pa. 107.

In defence to a claim for nursing, it was alleged that claimant had contracted to work for decedent at the rate of one dollar per week, and should be held to the terms of the contract. Claimant alleged that the contract referred to covered her services as housekeeper merely, and that by a distinct understanding with testator, she was to receive in addition from his executors what her services as a nurse were reasonably worth. In support of her position, she proved by a disinterested witness the declaration of decedent, " Betsy is very kind to me. I have promised her that she shall be paid by my executors when I am gone for waiting on me." It was not alleged that the services rendered were not worth the amount claimed.

*Held,* that the above declaration was competent evidence upon the question of the existence of the contract sued on, and was clear, direct and sufficient, if believed, to justify a verdict in favor of the plaintiff.

Argued Feb. 11, 1892.  Appeal, No. 258, Jan. T., 1892, by plaintiff, Elizabeth Harrington, from judgment of C. P. Chester Co., August T., 1889, No. 71, refusing to take off nonsuit entered on motion of defendants, Joseph P. Hickman, et al., executors of Joseph Pratt, deceased.  Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Assumpsit to recover wages at the rate of $5.00 per week for nursing and taking care of defendants' testator.

At the trial the evidence was to the following effect : Joseph Pratt was an old man over eighty years of age at the time of his death, and very feeble.  In addition to the general infirmities of his age, he suffered from disease of the bladder and kidneys, and in addition to this was very intemperate and, as his physician testified, hard to manage and care for.  The plaintiff was not related to him either by blood or marriage, but

was engaged by him as his housekeeper and nurse, serving in this double capacity from July 15, 1883, to December 1, 1886, when, her health becoming impaired, she was obliged to leave, and Pratt employed two persons, a housekeeper and a nurse, to perform the services which she had formerly rendered. It was shown that by a contract between them she was to receive $1.00 per week. This she claimed was for her services as housekeeper merely, and that by a distinct understanding she was to receive compensation for her services as nurse from the executors of Pratt after his decease. The testimony in support of plaintiff's contention appears by the opinion of the Supreme Court.

At the conclusion of plaintiff's case, the court on motion of defendants, entered a compulsory nonsuit, and subsequently refused to take it off. Plaintiff appealed.

*Error assigned* was the refusal of the court to take off the nonsuit.

*Archibald N. Holding* and *R. E. Monaghan*, *James H. Bull* with them, for appellant.—Under the evidence plaintiff was clearly entitled to recover. The performance of labor by one for another implies that it will be compensated: Swires v. Parsons, 5 W. & S. 357; 2 Wharton on Contracts, 708; Kidder v. Boom Co., 24 Pa. 195.

There was admittedly no family relationship between the parties. The character of the claim is not, therefore, such as to rebut the presumption that the services were to be paid for, and require proof of an express contract "certain in all its terms:" Curry v. Curry, 114 Pa. 371. The evidence was ample to support plaintiff's claim: Cottrell's Ap., 4 W. N. C. 237; Smith v. Milligan, 43 Pa. 109; Schoch's Adm'rs v. Garrett, 69 Pa. 151.

*C. Wesley Talbot*, for appellees.—" Claims against the estates of decedents, resting on mere oral testimony of declarations and admissions of decedents, are very dangerous and not to be favored by the courts ": Pollock v. Ray, 85 Pa. 428; to the same effect: Graham v. Graham's Executors, 34 Pa. 481; Carr v. Chartiers Coal Co., 25 Pa. 337.

That a person performing services under an express contract fixing his compensation cannot charge a greater compensation

without an express agreement to increase his pay, is a well established principle of law.

OPINION BY MR. JUSTICE WILLIAMS, April 11, 1892:

The plaintiff served the decedent in the double capacity of housekeeper and nurse, for several years. He was a feeble old man, about eighty years old, and her duties as nurse were rendered more arduous and disagreeable by his gross intemperance. She was not related to him by blood or marriage, but occupied the position of a hired servant or employee. A year or more before his death her health gave way, and thereafter two persons were employed to perform the services previously rendered by her. The services rendered by her could, in the absence of any agreement, fixing a price upon them, have been recovered for upon a quantum meruit: Smith v. Milligan, 43 Pa. 107. The evidence in this case was amply sufficient to justify a jury in finding that the services rendered by the plaintiff were worth at least $5.00 per week, if that question had been before them. But the defendants did not deny that the services claimed for had been rendered, nor did they allege that they were worth less than the witnesses on the part of the plaintiff estimated them at. Their defence was, that the plaintiff had contracted to work at the rate of $1.00 per week, and could recover no more, without proof of a new and additional contract. The learned judge of the court below took this view of the case, and said, in entering the compulsory nonsuit: "This was a contract between the plaintiff and the defendant. The presumption, without anything further, would be, that it was in full of all the services she rendered. To remove that presumption, it is incumbent on the plaintiff to show that there was an additional contract. In that, we think, she has failed." The only question raised on this record is, whether there is any evidence that should have been submitted to the jury, upon the question of the decedent's contract, or promise to pay, for the services of the plaintiff, in waiting upon and nursing him. In Ranck v. Albright, 36 Pa. 367, no promise to pay for the additional services was alleged, but the plaintiff sought to recover a larger price than she had agreed to accept, because the defendant had, after his contract with her, so added to his business as considerably to increase her labor, and the value

of her services. She sought to recover, not on her contract, but in spite of it. In this case the plaintiff claims to recover upon a contract. She asserts that she had a contract, covering both sorts of the labor performed by her. As a housekeeper, she says, she was to receive from the decedent $1.00 per week, in cash, and, as a nurse, she was to receive what her services were reasonably worth, to be paid, after his death, by his executors. In support of her position she proved, by a disinterested witness, the declaration of Joseph Pratt, the decedent. This witness testified: "I was there one morning when she was getting him ready to go out. She got him up, washed him, combed his hair, got out his coat, changed his shoes, and he turned around, and says to me, 'Betsy is very kind to me,' and he says, 'I have promised her that she shall be paid by my executors, when I am gone, for waiting on me.'" We must assume the credibility of the witness, as this was a judgment of nonsuit. The question then comes down to this: Is the clear, distinct statement of the party to be charged any evidence of the fact stated? The decedent said: "I have promised her that she shall be paid for waiting on me." In an action against him, it would not admit of doubt that such a declaration would be competent, and, if believed, sufficient evidence upon which to sustain a recovery. Why is it not competent in an action against his executors? The fact that he is dead, and that his executors can have the benefit neither of his testimony, nor his knowledge, is an argument for examining the testimony closely, but not for rejecting it altogether. The frequency and facility with which unjust claims have been presented and pressed against estates, and the unequal character of the controversy, in which one party is living and the other dead, have led the courts to scrutinize the testimony in support of claims against estates with great care, but the rules of evidence are not changed in such cases. The competency of the declaration of the party to be charged does not depend upon whether he is living or dead. The admissibility of the witness, by whom the declaration is to be shown, may. We think the declaration of Joseph Pratt, testified to by Harriet Walker, was competent evidence, upon the question of the existence of the contract sued on. It was clear, direct and sufficient, if believed, to justify a verdict in favor of the plaintiff: Thompson v. Stevens,

71 Pa. 161.  The evidence should, therefore, have gone to the jury under suitable instructions, instead of being wholly withheld from them.

The judgment is reversed, and a venire facias de novo awarded.