Joseph H. Humberston and Jacob W. Humberston, Executors of Jacob Humberston, deceased, v. H. F. Detwiler, Executor of Alexander Martin, deceased, Appellant.

*Decedent's estate—Evidence—Contract—Declaration of decedent.*

A parol contract for support of decedent's illegitimate child may be proved in an action against the executors by declarations of such decedent made to third parties, when the question becomes one properly for the jury.

Argued April 20, 1898. Appeal, No. 194, April T., 1898, by defendant, from judgment of C. P. Fayette Co., Dec. T., 1897, No. 138, on verdict for plaintiffs. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Assumpsit to recover for maintenance of the illegitimate child of Alexander Martin, deceased.

The parties to the action having died after suit was begun, their executors were suggested on the record.

The facts sufficiently appear in the opinion of the court.

Verdict and judgment for plaintiffs for $340.96. Defendant appealed.

*Error assigned* among others was refusal of binding instructions for defendant.

*R. E. Umbel,* with him *A. D. Boyd,* for appellant.—Under the authority of Webb v. Lees, 149 Pa. 13, and Webb v. Lees, 153 Pa. 436, the book or books in which the account of charges, payment and settlement under this alleged contract was kept from the time the child was taken by the plaintiff until the date of the settlement, was a part of his case, and would have been competent, weighty and corroborative evidence, and if such were ever kept, which appellant questions, is within the control of the appellees to whose interest it naturally would be to produce it, and their failure to do so without any explanation, warrants the conclusion that it would be unfavorable to them: Hall v. Vanderpool, 156 Pa. 152.

In such cases the plaintiff must prove by clear, direct and positive evidence that there was an express contract to do or not to do the matter or thing claimed for, and for the consideration therein set forth: Carpenter v. Hays, 153 Pa. 432.

Stale claims against dead men's estates should always be scrutinized, especially so where the claim might have been brought against the decedent in his lifetime, but has been delayed until death has sealed his lips and placed it beyond the power of his legal representatives to defend with a full knowledge of the facts: Mueller's· Estate, 159 Pa. 590; Weaver's Estate, 182 Pa. 349.

*J. Q. Van Swearingen*, with him *A. F. Cooper*, for appellees.—A contract to pay may be established by the declarations of the decedent: Harrington v. Hickman, 148 Pa. 401; Thompson v. Stevens, 71 Pa. 161.

Even where suit is brought on an oral contract, and the witnesses called to establish it fail to define its terms with clearness and accuracy, the question as to whether a contract has been entered into, and, if so, what were its terms, is a question for the jury and not for the court: Lautner v. Kann, 184 Pa. 334; Harrington v. Hickman, 148 Pa. 401; Schoch v. Garrett, 69 Pa. 144.

The admissions and declarations of a party, made against his interest, are always to be taken as evidence against him: Munger v. Silsbee, 64 Pa. 454.

There was no family relationship between Humberston and Martin. The character of the claim is not, therefore, such as to rebut the presumption that the services were to be paid for, and require proof of an express contract certain in all its terms: Curry v. Curry, 114 Pa. 371; Schoch v. Garrett, 69 Pa. 144.

Declarations of parties made during the continuance of service are admitted for the purpose of illustrating the character of the service, whether gratuitous or otherwise: Huntington v. Fairmount, 2 Kulp, 441.

OPINION BY ORLADY, J., July 29, 1898:

The alleged verbal contract on which this action was founded was entered into between Alexander Martin and Jacob Hum

berston providing for the support and maintenance of an illegitimate child.

As laid in the statement, the claim was that " the said plaintiff was to take said child and board and raise him until he arrived at the age of sixteen years, the said Alexander Martin, now deceased, the father of said child to furnish its clothes and pay for its schooling at summer schools, and also, to pay all doctor's bills that might be incurred in raising of said child. The said Alexander Martin now deceased was further to pay the said plaintiff the sum of five dollars per month for boarding and raising said child until it arrived at the age of sixteen years."

On the trial the defendant did not offer any evidence and the court was requested to say to the jury " that under all the testimony the plaintiff is not entitled to recover; " which was refused, and the facts were submitted to the jury in a fair and well-guarded charge.

The plaintiff proved the declarations of Martin in regard to the support of the child, which were made to disinterested persons, and that money was paid by him under the verbal contract as claimed by the plaintiff.

Under the authority of Harrington v. Hickman, 148 Pa. 401, the action of the court was clearly right.

In that case as in this " The question then comes down to this : Is the clear distinct statement of the party to be charged any evidence of the fact stated? In an action against him, it would not admit of doubt that such a declaration would be competent, and if believed, sufficient evidence upon which to sustain a recovery. Why is it not competent in an action against his executors? The competency of the declaration of the party to be charged does not depend upon whether he is living or dead."

The books of account of plaintiff's decedent were not produced, but they were not essential to sustain the claim which was founded upon an oral contract.

The jury was the proper tribunal to pass upon the questions at issue and the evidence adduced was sufficient to warrant the verdict: Lautner v. Kann, 184 Pa. 334; Harrington v. Hickman, 148 Pa. 401. The character of the claim, the necessities of the plaintiff, the delay in bringing suit, all contributed to

increase the burden of the plaintiff in establishing his claim, but each and all were overcome by proof which satisfied the jury that the defendant's estate should pay for the support of his son.

The case was fairly tried and the judgment is affirmed.