## Howard *v.* Drexler.

*Contracts of decedents—Extras—Mere expressions not a contract.*

There is no more fruitful source of dispute than claims for extras, and where they are superadded to claims upon an express contract for services of the same or similar kind they should be made out clearly and explicitly before they are allowed. In the case at bar there was no dispute as to the original contract. The plaintiff claimed for extra compensation for nursing decedent in addition to the compensation for services for general housework, upon expressions and indications of belief by decedent that plaintiff was not sufficiently paid under her contract. These did not constitute a new contract.

Argued May 9, 1900. Appeal, No. 228, April T., 1900, by plaintiff, in suit of Alice Howard against Louis A. Drexler, administrator of estate of Mary Drexler, deceased, from order of C. P. No. 3, Allegheny Co., Aug. T., 1899, No. 526, discharging rule to show cause why a compulsory nonsuit should not be taken off. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed. Opinion by BEAVER, J.

Rule to take off nonsuit. Case tried before McCLUNG, J.

It appears from the evidence that plaintiff was employed by decedent as a domestic servant and that she was to receive the sum of $2.50 per week. That after plaintiff had entered decedent's services the latter was taken ill with cancer of the breast with which disease she finally died. For a period of at least two years prior to her death plaintiff, in addition to her household duties which she had originally contracted to perform and which she did perform with care and skill, waited upon and nursed the decedent. Suit was brought on implied assumpsit and the trial judge nonsuited the plaintiff saying that the services she performed as nurse were not so distinct from the services she was employed to do as to raise the question of a new contract. Judgment of nonsuit. Defendant appealed.

*Error assigned* was in not taking off the judgment of nonsuit entered in the above entitled case.

*G. W. Williams*, with him *N. S. Williams*, for appellant.— As to the general principle that the performance of services entitles the one rendering them to recover upon the implied promise that they were to be paid for, we cite the following authority: Griffith's Est., 147 Pa. 274.

That the service of nurse and the character of said employment being distinct from the duties of a domestic servant and of a different character entitle the plaintiff to recover in this action, and that the law raises the same implied promise as in cases where the employment is single, where it is twofold, we cite the following cases: Ranck v. Albright, 36 Pa. 367; Carr v. Chartiers Coal Co., 25 Pa. 337.

And as applying the principle above laid down to the facts of this case we cite the case of Shubart's Estate, 154 Pa. 240, which we think rules this case.

As authorities on subject of a decedent's declarations: see Thompson v. Stevens, 71 Pa. 161, and Harrington v. Hickman, 148 Pa. 401.

Your honors have decided that the mere fact that a plaintiff received weekly wages does not prevent his maintaining an action for other personal services, performed within the same period, and that there is an implied contract to pay for such services: Snyder v. Steinmetz, 6 Pa. Superior Ct. 341.

*J. A. Langfitt,* for appellee.—There is no evidence of any fraud or mistake in the making of the contract, or of any attempt to alter or terminate it. When express contracts exist the courts are bound by them: Brose's Est., 155 Pa. 619.

There is not the slightest shadow of a promise or contract obligation on the part of Mrs. Drexler to pay or give plaintiff additional wages or compensation. There were some loose declarations made to third parties referring to the kindness of the plaintiff to the decedent, and hints thrown out of an intended legacy and the like, but that these cannot support an action has long since been established. Notably in Pollock v. Ray, 85 Pa. 428, and Weaver's Est., 182 Pa. 349, and cases cited. Shubart's Est., 154 Pa. 240, relied on by the appellant, is not in point; that case turned on the construction of a will which was broad enough in its terms to cover the claim set up.

Parties who have hoped and expected to become beneficiaries under the wills of deceased relatives, employers or others and are disappointed, frequently resort to the courts in desire to compel by law what they failed to receive by favor, and for this reason the Supreme Court have always scrutinized such claims with great care, saying as they do in Carpenter v. Hays, 153 Pa. 432, " Claims against a dead man's estate which might have been made against himself while living are always subjects of just suspicion, and our books from Graham v. Graham, 34 Pa. 475, to Miller's Estate, 136 Pa. 239, are full of expressions by this court of the necessity of strict requirement of proof and the firm control of juries in such cases."

OPINION BY BEAVER, J., July 26, 1900 :

Plaintiff's statement sets forth a claim, based upon a quantum meruit, outside of and in addition to the duties of her regular employment, which was, under a special contract, " to do general housework." That the services incident to her employment were faithfully rendered, and that the plaintiff greatly endeared herself to her employer by her efficiency and thoughtful consideration, plainly appears and is not denied.

We have lately reviewed the ground upon which this claim is based in Moore's Est., 12 Pa. Superior Ct. 599, which, although an appeal from an adjudication in the orphans' court, does not differ in principle in any essential particular from the

present case. In Harrington v. Hickman, 148 Pa. 401, which was based upon a claim for nursing in addition to compensation for services as housekeeper, it was held that plaintiff could recover in a quantum meruit upon a special contract or promise to pay which was offered to be proved. But it does not differ from other cases in requiring the contract under which the additional services were rendered to be distinctly proved.

Without commenting upon the character of the services rendered in the present case, it is very evident that there was no contract to pay for any, except what were covered by the original contract " to do general housework." The declarations of the decedent to her neighbors as to plaintiff's services, whilst always acknowledging their value and her devotion, would seem rather to negative than confirm the idea of a contract. To one she said, speaking about plaintiff's devotion, " that it was a devotion that she couldn't repay and wasn't paying for then, but that she wouldn't suffer for it when she was dead ; she felt that she couldn't afford to pay her just then what she worth, but that she would be compensated for it afterwards." To another who told her that she was paying her girl $3.50, she said, " Oh, I am not paying Alice that, because I don't feel as if I can afford it; but I will make it all right." This is not the language of a contract, or of a determination to create a liability, present or prospective. Having so recently reviewed the authorities it is not necessary to do so now. The court below properly entered a nonsuit at the close of the plaintiff's testimony, upon the ground that "the services which plaintiff performed as nurse were not so distinct from the services she was employed to do as to raise the question of a new contract," and that decedent recognized a moral obligation but did not create a legal one.

Judgment affirmed.