## Piersol's Estate.

*Decedent's estates—Claim for services—Nurse—Evidence.*

Where a person was employed by a decedent at fixed wages as house-keeper, such person cannot recover against the estate of the decedent additional compensation for nursing, in the absence of an express contract to that effect, or an agreement to provide for such compensation by a legacy.   Although the claimant may have had a well-established expectation of such additional compensation based on the general declarations of the decedent, still if she fails to establish a contract her claim must fail.

*Auditors—Finding of facts—Review.*

An auditor's finding of facts, confirmed by the court below and based upon competent and sufficient evidence, cannot be disturbed in the absence of manifest error.

Argued Nov. 22, 1904.   Appeal, No. 16, Oct. T., 1904, by Mary J. Brower, from decree of O. C. Chester Co., dismissing exceptions to auditor's report in Estate of Susan C. Piersol, deceased.   Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ.   Affirmed.

Exceptions to report of auditor.
The facts appear by the opinion of the Superior Court.

*Error assigned* was decree dismissing exceptions to report of auditor.

*J. Frank E. Hause,* with him *John N. Guss,* for appellant.— The claim should have been allowed: Moore's Est., 12 Pa. Superior Ct. 599 ; Harrington v. Hickman, 148 Pa. 401.

*C. Wesley Talbot,* for appellee, cited: Brose's Est., 155 Pa. .619 ; Rosencrance v. Johnson, 191 Pa. 520 ; Swires v. Parsons, 5 W. & S. 357 ; Hartman's App., 3 Grant's Cases, 271 ; Howard v. Drexler, 14 Pa. Superior Ct. 59 ; Carpenter v. Hays, 153 Pa. 432 ; Mueller's Est., 159 Pa. 590.

OPINION BY BEAVER, J., January 17, 1905 :

In the distribution of the estate of Susan C. Piersol, the appellant claimed for services as nurse for four years prior to the

death of the decedent in addition to wages paid her regularly within two weeks of the decedent's death. The claim was based upon the fact that the services rendered were in addition to and different from those which the appellant had contracted to render to the decedent, the original employment having been for services as housekeeper at $1.50 per week and the services claimed for being those of a nurse worth $5.00 per week.

The effort is made to distinguish this case from that of Harrington v. Hickman, 148 Pa. 401, and Howard v. Drexler, 14 Pa. Superior Ct. 59, on the ground that in the original contract it was stipulated that the appellant should have the privilege of going out nursing and that, although upon two or three occasions when her services as a nurse were sought by others, she did not avail herself of the privilege because of objection, or at least a request not to do so, by the decedent.

The auditor expressly finds : " The testimony does not show that the decedent had any conversation with the claimant on the subject of additional compensation. The testimony goes no further than that the decedent expressed in the presence of the claimant a willingness and a desire and an intention that she should be well paid but she did not agree to pay her, did not fix any amount to be paid her nor any time when she was to be paid, nor any means by which she was to be paid. There is no evidence of any meeting of minds and, therefore, no contract."

The exceptions to the report of the auditor fully raised the question of the accuracy and sufficiency of the findings of fact by the auditor, all of which were dismissed and the report confirmed.

The auditor regarded the claim made by the appellant as meritorious and as one which, upon equitable principles, might have been justly paid, but was governed by the general legal principles which have been wisely established for the protection of the estates of decedents. That the appellant confidently expected to be paid more than the amount for which she contracted to serve the decedent is unquestionably true, but the grounds upon which that expectation was based were not those of a contract, as plainly appears from the testimony of one of her witnesses who, in his cross-examination, testified as follows :

" Q. Did Miss Brower indicate to you in your conversation

that it was because Mrs. Piersol did not leave her a legacy that she would present a claim ? A. Yes, sir. Q. Then do I understand you to say that the claim was presented not for services rendered but because she did not leave her a legacy ? A. I would understand from the testimony that she expected to be paid in some way ; if not directly by the will, that she would then make her claim for compensation. Q. Then, as I understand it, she expected to be paid ? A. Yes, sir, outside of housework. Q. And she indicated to you in the event of not being paid in full by a legacy for services, she would present her claim ? A. Yes, sir. Q. And otherwise she would not ? A. No, sir."

The expectations of the appellant may have had some basis in the general declarations of the decedent, but there is nowhere to be found in the evidence any express contract either to pay her a fixed sum by the week for her services, outside of those which she rendered as a housekeeper under the original contract, nor to compensate her by a legacy in the will of the decedent.

Although the grounds upon which the appellant claims compensation in this case are somewhat different from the facts adduced in Howard v. Drexler, 14 Pa. Superior Ct. 59, the essential legal principles on which the claim is based are the same. Inasmuch as those principles have been fully discussed in that case and in Moore's Estate, 12 Pa. Superior Ct. 599, it is not necessary to enlarge upon them here. The findings of fact by the auditor confirmed by the court, based as they are upon competent and sufficient evidence, cannot be disturbed.

The decree is affirmed and the appeal dismissed at the costs of the appellant.