## Wise *v.* Martin, Appellant.

*Decedent's estates—Claim for services—Nursing—Evidence—Contract.*

In an action against a decedent's estate to recover $25.00 per week for nursing decedent during the last months of his life, where it appears that the plaintiff was employed during the same period as a domestic with wages at $2.00 per week, she cannot recover unless she shows that she had an express contract with the decedent to pay her for the nursing, and the question as to whether such a contract was made cannot be submitted to the jury where there is no evidence except loose declarations made by the decedent to outside parties, indefinite understandings, suggested gratuities, anticipated benefactions and testamentary intentions not carried out.

Argued Oct. 28, 1909. Appeal, No. 52, Oct. T., 1909, by defendants, from judgment of C. P. Clearfield Co., May T., 1908, No. 180, on verdict for plaintiff in case of Jennie Wise *v.* A. F. Martin, administrator. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Reversed.

Assumpsit to recover compensation for nursing decedent. Before ORMEROD, P. J., specially presiding.

The facts are stated in the opinion of the Superior Court.

The court charged in part as follows:

If the jury from this evidence, the declarations made by Mr. McCloskey in the presence and not in the presence of the plaintiff in this case, should find that there was an agreement between them whereby she was to receive compensation for her services as a nurse, they may find a verdict in her favor for the amount which they believe she would be entitled to receive for such services. [3]

Verdict and judgment for plaintiff for $900. Defendant appealed.

*Errors assigned* were (1) refusal of binding instructions for defendant; (2) refusal of motion for judgment non obstante veredicto; (3) portions of charge as above, quoting them.

*Roland D. Swoope,* for appellant.—A disappointed claim for a legacy cannot be compensated by setting up an unpaid claim for services without lawful evidence to support it: Miller's Est., 136 Pa. 239; Graham v. Graham, 34 Pa. 475; Weaver's Est., 182 Pa. 349; Miller's Est., 222 Pa. 334; Rosencrance v. Johnson, 191 Pa 520; Moore's Est., 12 Pa. Superior Ct. 599; Grossman v. Thunder, 212 Pa. 274.

The court below erred in admitting evidence of the declarations of the decedent made to outside parties not shown to have been made in the presence of the plaintiff, or communicated to her: Ulrich v. Arnold, 120 Pa. 170; Pollock v. Ray, 85 Pa. 428; Wall's App., 111 Pa. 460; Graham v. Graham, 34 Pa. 475; Atkinson's Est., 9 Pa. Dist. Rep. 404; Harrar v. Edwards, 17 Lanc. L. R. 223; Carpenter v. Hays, 153 Pa. 432.

*A. M. Liveright,* with him *David Krebs,* for appellee.—The case was for the jury: Harrington v. Hickman, 148 Pa. 401; Ranninger's App., 118 Pa. 20.

There can be no implication of law or presumption arise against plaintiff's right to compensation as a nurse because she also performed the duties of a hired domestic: Eichelberger's Est., 170 Pa. 242.

It is not necessary to point out that the court committed no error in admitting the declarations of Mr. McCloskey, expressing again and again, both in the presence of the plaintiff as well as in her absence, of his desire that she should be compensated for the services which she rendered him in his helpless condition, when no one else, not even his own child, would wait upon, or even come to see him: Hunt's App., 100 Pa. 590; Miller's App., 100 Pa. 568; Perkins v. Hasbrouck, 155 Pa. 494.

OPINION BY MORRISON, J., April 18, 1910:

The plaintiff brought this action to recover the value of her services nursing Samuel McCloskey, deceased, as she alleged, for about one and one-half years of the latter part of his lifetime and until twelve days before his death. She recovered a verdict and judgment thereon for $900. During

all of the time she did the alleged nursing she was in the employ of the decedent as a domestic in consideration of $2.00 per week or $10.00 per month, and she was paid for her work as a domestic in full. At the trial, the defendant's counsel presented a written point asking for a binding instruction in favor of the defendant. This was refused, and an exception noted for defendant. After verdict, the same counsel moved the court for judgment non obstante veredicto upon the whole record, and this was refused and an exception noted for defendant and judgment entered on the verdict. Therefore, the question of the sufficiency of the evidence to sustain the verdict is squarely raised by the first and second assignments of error and also by the third.

The declaration sets up a right to recover upon a quantum meruit, and an express contract is not averred. This, under the decisions, perhaps does not necessarily prevent a recovery, provided the evidence clearly raises an implied contract by showing that the plaintiff and McCloskey both understood that the nursing was not embraced in the contract for domestic service, but that it was to be paid for on the basis of its value.

It will be noted in the present case that the plaintiff and McCloskey were not related either by consanguinity or affinity: Smith v. Milligan, 43 Pa. 107; Weaver's Est., Paul's App., 182 Pa. 349; Harrington v. Hickman, 148 Pa. 401. But in the latter case it was only held that the services rendered by the plaintiff could, in the absence of any agreement fixing a price upon them, have been recovered for upon a quantum meruit. There was positive testimony of a declaration of the decedent that the plaintiff was to be paid for her services as nurse. The ruling there is that a recovery might be had upon a contract and that the amount thereof could be fixed as the value of the services.

In Pollock v. Ray, 85 Pa. 428, Mr. Justice SHARSWOOD said: "Claims of this character against the estates of decedents, resting on mere oral testimony of declarations or admissions, are very dangerous, and ought certainly not to be favored by the courts." In Wall's App., 111 Pa. 460,

Mr. Justice Green, in closing his opinion for the court, on p. 471, said: "Claims of this nature against dead men's estates, resting entirely in parol, based largely upon loose declarations, presented generally years after the services in question were rendered, and when the lips of the party principally interested are closed in death, require the closest and most careful scrutiny to prevent injustice being done. We cannot too often repeat the cautions we have so frequently uttered upon this subject, and we feel that the present occasion is one which demands both their repetition and their application."

It may be conceded that under the evidence in the present case the jury could find that $10.00 per month was inadequate compensation for the labor which the evidence tends to show was performed by the plaintiff. But in view of the character of the plaintiff's claim, and the fact that she was steadily under the employment of the decedent, for a long period of time, at $2.00 per week, and received her pay in full, and that she also received more than $100 from the Odd Fellows for her special care of McCloskey, and the further fact that her claim was not presented until after the lips of Samuel McCloskey and his wife were closed in death, we are not at liberty to permit our sympathies to obscure the legal principles established for the disposition of such cases, by a long line of decisions of the Supreme Court, as well as by numerous decisions of this court.

The present case bears the earmarks of one of those dangerous cases so often commented upon by the Supreme Court. This plaintiff had been in the employ of the deceased for a long time without any bargain for more then $2.00 per week, and we cannot find in the testimony any sufficient evidence to warrant a jury in finding that there was even an implied contract to pay her more than the stipulated sum. It is true that there was considerable loose talk by McCloskey to other persons about her services and that they never could pay her for the same, and again, that she would have to be paid at some indefinite time in the future. But there is also evidence, on the part of the plaintiff, that she was told that they were not able to pay her more than the $2.00 per week,

or at the most $10.00 per month. There is considerable evidence that she was expecting to be rewarded by a legacy from Mrs. McCloskey and after the death of the latter, and after it was found that the plaintiff was not remembered in her will, the plaintiff quit taking care of McCloskey and left him about twelve days before his death. There is no evidence of any agreement with the plaintiff that she was to have a legacy. Nor is there any satisfactory evidence that the plaintiff ever agreed with McCloskey that she would nurse and care for him and receive her compensation therefor in the future.

It is to be noticed that this plaintiff seems only to have been accustomed to receive $2.00 per week for her services; she not being a trained nurse, was willing soon after the death of Mr. McCloskey and his wife to fix up and present to the administrator a claim of $25.00 per week, as a nurse, amounting to $1,950, upon which she admitted a credit of $10.00 from some source and a credit of $105.74 from the Odd Fellows, and she actually attempted to collect the balance and succeeded in recovering a verdict and judgment for $900. In our opinion, this case, as it appears from the evidence in the record, ought not to have been submitted to the jury.

Counsel for the plaintiff appear to rely especially on Harrington v. Hickman, 148 Pa. 401, but that case reversed the court below for refusing to submit to the jury the positive evidence of a witness that the decedent said to him: "I have promised her that she shall be paid by my executors when I am gone for waiting on me." If a jury believed this evidence, it established an express contract.

In Ranniger's App., 118 Pa. 20, cited by plaintiff's counsel, the Supreme Court expressed some doubt on the plaintiff's right to recover, but affirmed the decree because the "auditor upon an examination of the whole case has found the facts essential to her recovery, and these findings have been approved by the court. The findings of an auditor when so approved will not be set aside except for flagrant error."

In Eichelberger's Est., 170 Pa. 242, cited by plaintiff's counsel, there was proof of an express contract for the payment of the plaintiff for extra services rendered.

In Ranck v. Albright, 36 Pa. 367, the plaintiff was employed at a fixed compensation as housekeeper and domestic servant, but it appears that she was required to perform much more work than was anticipated at the time she was hired. In reversing the judgment of the court below the Supreme Court said: "In the absence of any proof of a new contract, the law presumes that the plaintiff continued at service until she left, at the same wages at which she commenced. And this presumption is not destroyed by the fact, that she was required to do more work than she at first anticipated, in consequence of the defendant's resumption of the active labors of farming. If she was dissatisfied with the original arrangement, she should have demanded additional compensation."

In the late case of Grossman v. Thunder, 212 Pa. 274, the Supreme Court in an opinion by Mr. Justice ELKIN appears to have settled the question that, "A domestic and a nurse in the home of the testatrix, having received fixed wages for her services as such, cannot recover in this action for alleged extra services in the absence of an express contract to that effect or an agreement to provide for such compensation by a legacy. The evidence is not sufficient to support either contention. Loose declarations made to outside parties, indefinite understandings, suggested gratuities, anticipated benefactions and testamentary intentions not carried out, about which there is some vague and unconvincing testimony, are not sufficient to establish an express contract, either to pay for the extra services at the death of the testatrix or to provide for such compensation by a legacy." That case is substantially the same as the case in hand. In each the plaintiff was paid in full as per contract. The plaintiff here certainly did not agree to remain and nurse McCloskey on the footing of a legacy, although it is quite clear that she anticipated the legacy, nor can we find from the evidence that she agreed to remain and nurse McCloskey on a contract for compensation in addition to the $10.00 per month, which she received.

Our own case of Moore's Est., McClure's App., 12 Pa. Superior Ct. 599, is in harmony with Grossman v. Thunder, 212 Pa. 274. In that case we said, by BEAVER, J.: "The question rec-

ognized on all hands as being the important one is, Was there a distinct contract for the payment of increased compensation different from that originally entered into between the parties? We cannot find anywhere in the case the clear and explicit evidence upon which such a contract should rest." To the same effect is Howard v. Drexler, 14 Pa. Superior Ct. 59, and these cases are followed by Piersol's Est., 27 Pa. Superior Ct. 204, where the same doctrine is reaffirmed.

We sustain the first, second and third assignments of error and the judgment is reversed.

RICE, P. J., dissenting:

It seems to me that the reasoning of the opinion of the learned trial judge, overruling the motion for judgment non obstante veredicto, and the recital of evidence contained therein, vindicate his conclusion that there was sufficient evidence to warrant submission to the jury of the question, whether there was a contract whereby the plaintiff was to receive payment for her services as nurse as distinguished from her services as a domestic. It is not a case where the plaintiff's demand rests only on the fact that she rendered valuable services and a bare inference therefrom that it was not intended to be gratuitous. Nor does her demand, if the evidence be believed, rest only on the declarations of the decedent in her absence, but has the support also of declarations made in her presence, which she might fairly and justly interpret as expressing his intention that she should be compensated. The evidence of declarations made to others, even if not sufficient standing alone, to justify a finding that there was a contract, was competent, Harrington v. Hickman, 148 Pa. 401, and taken in connection with the evidence as to what was said in her presence and all the circumstances, was sufficient to carry the question to the jury. I am constrained, therefore, to dissent from the judgment about to be entered.

Judge HENDERSON and Judge HEAD authorize me to say that they join in this dissent.