# Eaby's Estate.

*Decedents' estates—Claim for nursing—Contract—Husband and wife.*
A claim by a married woman against a decedent's estate for nursing the decedent, cannot be sustained where it appears that the claimant and her husband were tenants of decedent under a written contract by which in consideration for the use of the premises the claimant's husband covenanted to board the decedent, "including washing, mending, cleaning his rooms, attending his stove and caring for him in time of sickness."

Argued Nov. 9, 1909. Appeal, No. 224, Oct. T., 1908, by plaintiff, from decree of O. C. Lancaster Co., May T., 1908, No. 10, dismissing exceptions to adjudication in Estate of Joseph Eaby, deceased. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Exceptions to adjudication. Before SMITH, P. J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was in dismissing exceptions to adjudication.

*B. F. Davis*, for appellant.—The appellant was not a domestic servant, and no presumption of payment would rise: Winings v. Hearst, 17 Pa. Superior Ct. 314.

This whole question has been decided by the Supreme Court and the Superior Court a number of times: Lewis's Est., 156 Pa. 337; Frost v. Knapp, 10 Pa. Superior Ct. 296.

*Wm. N. Appel*, of *Appel & Appel*, for appellee.—The case of Normile v. Osborne, 207 Pa. 367, is exactly on all fours with the case in hand.

OPINION BY MORRISON, J., April 18, 1910:

The written contract entered into between Joseph Eaby and John Boose, husband of Sallie Boose, is a complete defense to the appellent's claim for $300, extra compensation for taking care of Joseph Eaby. The contract reads as follows:

"This Indenture, Made the First day of March, Anno Domini, 1904, Between Joseph Eaby, of the village of Intercourse, Pa., of the one Part, and John Boose, now of Monterey, Pa., of the other part, Witnesseth that the said Joseph Eaby doth by these presents Lease and Let unto the said John Boose, for the term of one year, from the first day of March A. D. 1904, all that certain Dwelling House, stable, etc., and lot containing about one half acre of land, being the premises now occupied by himself, Joseph Eaby To have and hold the premises aforesaid unto the said lessee, from the first day of March, 1904, for the term of one year thence next ensuing; and yielding and paying for the same unto the said Lessor, his heirs or assigns, the rent or sum of Forty ($40) dollars. The Lessee agrees to keep all fences and out-buildings in good repair, the Lessor to furnish any material required for such repairs. The said Lessee to find the Feed, etc., for his cow, for the use of her, until he may see proper to sell her.

"It is agreed between the parties hereto, that the Lessor shall board with the Lessee, he paying the sum of Fifteen Dollars per Month for same, including his washing, mending, cleaning his rooms, attending his stove, and caring for him in time of sickness, the said Lessor reserves his sitting room and sleeping room in South side of Building, the Lessor furnishing his own rooms with furniture, stove, etc., necessary, and finding his, the coal to be used in his rooms.

"It is understood, that the said premises shall not be underlet or rented, without the Lessor's written consent to the transfer of this Lease or such underletting. On the expiration of this Lease, the property is to be given up in as good order, in all respects as it now is, reasonable wear and tear and damage from fire excepted.

"In Witness whereof, the parties have hereunto set their hands and seals.

"JOSEPH EABY (L. S.)
"JOHN BOOSE (L. S.)

"Witness present:
    " Jason K. Eaby."

The contract was for one year, and at the end of that year a settlement was made with Boose and the agreement was renewed on the same terms for another year. At the end of the second year, a settlement in full was again made and the agreement was renewed for another year on the same terms. On March 7, 1907, Joseph Eaby died, leaving a will appointing Jason K. Eaby the executor, and he made a final settlement with Mr. Boose which was in writing and dated March 27, 1907. At that settlement it was found that a balance was due Boose of $68.75 which was paid in full by a check.

It appears that John Boose and his wife, the appellant, moved into the premises mentioned in the above contract and continued therein and complied with its terms until the death of Joseph Eaby. It further appears that the terms of the contract were fully performed on the part of Joseph Eaby. It must be presumed that Sallie Boose knew of this contract and knew that she and her husband were occupying Eaby's premises as tenants, paying rent, and that by the plain terms of the

contract, Boose and wife were bound to take care of Eaby in sickness and in health and to board him.

It is quite apparent from the record that no thought could ever have entered the mind of Joseph Eaby that any claim by these people could arise outside of said contract. In our opinion, the appellant's claim has, under the facts and in law and justice, no merit whatever. In view of the authorities below cited it is difficult for us to understand how anybody could have reached the conclusion that this appellant was entitled to extra compensation for the boarding and care of Joseph Eaby: Cummiskey's Est., 224 Pa. 509; Rosencrance v. Johnson, 191 Pa. 520; Moore's Est., 12 Pa. Superior Ct. 599; Howard v. Drexler, 14 Pa. Superior Ct. 59; Piersol's Est., 27 Pa. Superior Ct. 204; Normile v. Osborne, 207 Pa. 367; Grossman v. Thunder, 212 Pa. 274.

In Lewis' Est., Rhode's App., 156 Pa. 337, relied upon by appellant, there was no contract with the husband and no claim made by him for washing, care and such personal services as the wife rendered in that case. Moreover, the real question decided in Rhode's Appeal was that the earnings of the wife as shown by the facts in that case belonged to herself and not to her husband.

In Rosencrance v. Johnson, 191 Pa. 520, it was held in an opinion by MITCHELL, J., that where a decedent in his lifetime agreed to pay plaintiff a certain amount per month for "board, washing and mending," the plaintiff cannot recover for extra services incident to the illness of the decedent, and that "prima facie the contract covers all such household attendance and attention as are usual in families in the same situation and circumstances of life, including the chances and changes of health and sickness." In the present case the contract specifically provided for "caring for him in time of sickness."

The decree is affirmed and the appeal dismissed at the costs of the appellant.