## Artman *v.* Stanford, Appellant.

*Evidence— Relevancy— Selling saltpeter by mistake for epsom salts—Proof of similar mistake on another occasion.*

In an action of trespass to recover damages for the loss of two

cows it appeared that plaintiff intended to give the cows epsom salts but, instead, gave them saltpeter, which caused their death. Plaintiff's evidence was that he purchased epsom salts at defendant's store, from defendant's wife who was authorized to make the sale; that she gave him saltpeter instead of epsom salts; that she marked the package "epsom salts"; and that he did not discover the error until after the cattle died. There was no averment in plaintiff's statement that defendant left the sale of drugs in the hands of an incompetent person with knowledge of that fact.

In such case, it was error to admit over objection the testimony of a third party that he also, on a later occasion, purchased epsom salts from defendant's wife and received saltpeter. Such evidence was irrelevant to the issue raised by the pleadings.

Argued April 11, 1928. Appeal No. 1476, April T., 1928, by defendant from judgment of C. P., Mercer County, June T., 1926, No. 55, in the case of Harry Artman v. R. O. Stanford. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Reversed.

Trespass to recover damages for the loss of two cows. Before McLAUGHRY, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $250, and judgment thereon. Defendant appealed.

*Errors assigned,* among others, were to various rulings on evidence.

*W. C. Pettit,* for appellant.

*H. L. Keck,* and with him *Stranahan & Sampson,* for appellee.

OPINION BY LINN, J., April 26, 1928:

Plaintiff has a verdict for damages to compensate him for the loss of two cows. He intended to drench them with epsom salts but, instead, gave them saltpeter, which caused their death. His evidence was to

the effect that he purchased epsom salts at defendant's drug store, but that defendant's wife, who was then in charge of the store and was authorized to make the sale, gave him saltpeter instead of epsom salts; that she marked the packages "epsom salts" and that he did not discover the error until after the cattle died.

His statement of claim alleged that his purchase was made "in the late fall or early winter of 1925." He dosed his cows, one in January, 1926, and the other in February, 1926. There is no averment that the sale of drugs by defendant in his store was left in the hands of an incompetent person with knowledge of that fact.

Only one complaint is before us: The refusal to sustain defendant's objection to the evidence of a witness called by plaintiff in rebuttal; defendant excepted and also moved to strike out the evidence. We must sustain the assignment of error.

During the cross-examination of defendant he was asked whether "along about the month of March, 1925" his wife had sold "some saltpeter for salts to Wilson Moreland." He answered "No."

After defendant put in his evidence, plaintiff called Mr. Moreland who stated (in response to plaintiff's question) that in March, 1926, he purchased epsom salts from defendant's wife and received saltpeter instead.

It is obvious that if the jury should find the collateral fact that the alleged mistake was made in March, 1926, as Mr. Moreland testified, it would not be relevant to the issue raised in the pleadings whether plaintiff made the purchase as stated by him in 1925: Veit v. Class et al., 216 Pa. 29, 33. It is equally clear that by cross-examining defendant about the ir-

relevant occurrence in March, 1926, he could not create a situation enabling him subsequently to impeach the defendant in the manner proposed: Com. v. Grauman, (No. 2), 52 Pa. Superior Ct. 215, 217; Hildeburn v. Curran, 65 Pa. 59.

The judgment is reversed and a new trial awarded.