Steinberg *v.* M. Nathan & Bro., Inc., Appellant.

Argued April 21, 1930. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*J. Earl Ogle, Jr.,* for appellant.—The judgment cannot be sustained under the pleadings and all the evidence.

The case of Osterling v. Trust Co., 260 Pa. 64, does not rule the case at bar.

*Russell R. Yost,* of *Graham, Yost & Meyers,* for appellee.—Both parties were bound by their agreement.

The case is ruled by the principles of Osterling v. Trust Co., 260 Pa. 64.

Where the original contract is deviated from by the consent of the parties, the party performing extra services or incurring additional expense by reason of the modification is entitled to recover therefor: Wallace v. Floyd, 29 Pa. 184; Ranck v. Albright, 36 Pa. 367; Osterling v. Trust Co., 260 Pa. 64.

There was evidence that both parties intended compensation for the furniture department to be on the same basis as that for the rug, drapery and blanket department: Lowrey v. Hawaii, 206 U. S. 206; Montgomery Enterprises v. Empire Theater Co., 19 A. L. R. 987.

OPINION BY MR. JUSTICE WALLING, May 12, 1930:

In 1922, the defendant, M. Nathan & Bro., Inc., who were operating a department store at Johnstown, employed the plaintiff, M. Steinberg, as manager of the rug, drapery and blanket department, herein called the rug department. This was evidenced by a written contract in which the defendant was party of the first part and plaintiff party of the second part. As to the latter's compensation, the contract stipulated that: "The said party of the first part agrees to pay to the said party of the second part as compensation for his services during the term of one year as aforesaid, a sum equal to five per cent of the department's gross sales, less returns, if any, in said department, providing the gross profits of 33⅓ per cent are realized, with the understanding, nevertheless, that said party of the second part shall have a drawing account not to exceed seventy-five ($75) dollars per week, payable weekly at the end of each week, during the full term of one year aforesaid, to be charged against the total amount of his compensation when definitely determined." The contract also contained a provision that plaintiff should at all times devote his entire time and labor to defendant's business. Without further agreement, plaintiff continued in charge of this department receiving the stated compensation, and in the fall of 1924 he was also made manager of the furniture department. There was no specific agreement as to his compensation in the latter, but it was expressly understood that if he made good in the furniture department he would receive compensation for his services therein, the defendant's president telling him that if he put it over he would make some real

money for himself. From December, 1924, until September, 1925, plaintiff continued as manager of both departments, when, at his request and by mutual consent, he left defendant's employ. The latter paid his compensation for services in the rug department, but declined to pay for his services in the furniture department. Plaintiff's right to recover therefor formed the subject of this suit. The jury allowed plaintiff's claim of five per cent on the gross sales of the furniture department during his management, and from judgment entered thereon defendant brought this appeal.

The record discloses no error. The understanding was that if plaintiff made good in the furniture department he should be compensated therefor. Putting it over, or making good, in the rug department required that its business show a gross profit of thirty-three and one-third per cent. In the absence of any other understanding, the same rule would apply to the furniture department, which was merely another department of the same store. A like rule would apply to the manner and extent of plaintiff's compensation, to wit, five per cent on the gross sales. There was no such radical difference between the departments as to call for the application of a different rule. The case is controlled by Osterling v. Allegheny Trust Co., 260 Pa. 64, where an architect undertook to prepare plans and superintend the construction of a bank addition for a five per cent commission and was limited to that for additional services performed, without a new agreement, in remodelling the old bank. The present Chief Justice, speaking for the court, there says: "Where one is retained by or enters into the employ of another to perform defined services of a personal nature, at a compensation expressly agreed upon, and, after the services have been performed or during the course of their execution, such person proceeds with work of a similar kind or enters upon the performance of other service of the same general character relating to, connected with or growing out of the

original employment, without any fresh contract or understanding as to a change in compensation, or without a distinct, unequivocal notice to his employer that he insists upon a different standard of remuneration, the standard for valuing these latter services is that which the parties fixed for themselves in the first instance; for, in the absence of a new agreement, express or implied, the presumption is that they intend the original rate of compensation to continue." A like rule is stated in 13 C. J. 586, as follows: "Where the original contract is deviated from by the consent of the parties, the party performing extra services or incurring additional expense by reason of the modification is entitled to recover therefor; and the amount of the recovery, when not fixed by the terms of the modifying agreement, is determined by the provisions of the original contract so far as they may be applicable." This does not infringe upon the rule that an employee is not entitled to extra pay merely because his services become more arduous (Ranck v. Albright, 36 Pa. 367), (a) because plaintiff was working on a commission basis and not on a fixed salary and (b) because there was an express understanding that he should receive extra pay if he made good.

There was a controverted question at the trial as to whether plaintiff made good in the furniture department, that is whether the business showed a gross profit of thirty-three and one-third per cent. This depended on the amount of the January, 1925, inventory which, as plaintiff turned it in, was approximately $32,000. Defendant, claiming this was too low, added $10,000 as a lump sum. With this added, the business showed a profit of twenty-seven per cent, but as originally made showed a profit of over thirty-nine per cent. The question as to whether the inventory as filed or as amended should govern was stubbornly contested at the trial and settled in favor of plaintiff by the verdict of the jury.

It was not shown that plaintiff had knowledge of the contract between defendant and his immediate predecessor as manager of the furniture department; hence, it was properly excluded. That plaintiff accepted the check for the balance due him from the rug department did not as matter of law bar his claim for compensation in the furniture department.

The matter of granting a new trial was for the discretion of the lower court. The complaints as to the charge of the trial judge are not well founded and require no comment.

The judgment is affirmed.