## Nowalk et ux. *v.* Hileman, Appellant.

Argued April 16, 1935.

Before KELLER, P. J., CUN-
NINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and
RHODES, JJ.

*Harry H. Frank,* with him *C. H. Akens,* for appellant,
No. 136.

*Charles H. Akens,* of *Akens & Wilkison,* for appellant,
No. 137.

*John P. Lockhart,* of *Lockhart & Long,* for appellees.

OPINION BY KELLER, P. J., July 18, 1935:

These cases were tried together, before the same jury.
They will be considered and disposed of in one opinion.

They were originally brought before an alderman and came into the common pleas on appeals from his judgments.

The case in which there are two plaintiffs was based on a written contract of hiring by which the defendant employed Carl Nowalk and Elsie Nowalk,—husband and wife—, as janitors for an apartment building owned by him, for such time as he might require their services, agreeing to pay them $70 a month, in semi-monthly payments, and an additional $10 a month, to be withheld by defendant until the end of the year, as a guarantee that plaintiffs would perform their obligations as janitors. They worked from March 29, 1931 until February 29, 1932, when they were dismissed by defendant. In this action they sought to recover $90, $35 of which was the last regular semi-monthly payment due, and $55, the unpaid balance of the $10 a month additional fund retained by defendant, he having advanced them $55 on account. Defendant admitted owing plaintiffs $40 on this claim.

The separate action by the wife was to recover $170 alleged to be due her by defendant, on a quantum meruit basis, under a subsequent oral contract for painting and calcimining 24 apartments in defendant's building; 82 days work @ $2.50 per day, $205, less six payments on account, aggregating $35.

The issues involved were almost wholly questions of fact, relating to the performance by the plaintiffs of their work as janitors, and whether Mrs. Nowalk, as part of her duties as janitor, was to work at painting and calcimining the apartments. The written contract provided that the plaintiffs should "serve as janitors," without any details as to what was included in that service. The plaintiffs and the defendant, in turn, gave parol testimony as to the conversation, prior to the signing of the contract, respecting the scope of their respective duties as janitors; the plaintiffs contending

that Mrs. Nowalk's duties did not require her to assist her husband in painting and calcimining the apartments; the defendant asserting that they did. The plaintiffs' story was that after it had been explained to them by the defendant that Mrs. Nowalk's duties were to stay in the office, answer the telephone, attend to the business of the apartment house in the absence of the landlord, and assist in cleaning the halls and apartments, and after the contract had been signed, in going through the building with the defendant they came to a room which the then janitor was calcimining, assisted by an extra man specially hired for the job; that defendant explained that when the janitor was not able to do the calcimining alone, he, the defendant, would hire some person to assist; that Mrs. Nowalk then stated that she could do that sort of work, and defendant said that if she would do it, it would save him hiring an extra man, and he would pay her for it; and that at his special orders and direction she had done the work claimed for in her suit. The plaintiffs were corroborated to some extent by one of defendant's witnesses, a former janitor, who said that it had not been any part of her duties to assist in the calcimining.

The jury found for the plaintiffs on all the disputed issues of fact.

There is no merit in the appellant's argument that the testimony of the plaintiffs was received in violation of the rule that a written contract cannot be changed or modified by parol evidence. The contract was silent as to the duties covered by janitor service. Painting and calcimining are not so generically related to janitor service as necessarily to be included in the latter. The defendant himself relied on parol evidence to sustain his claim that his employment of the plaintiffs as janitors required both of them to work at painting and calcimining.

Nor are we impressed with appellant's contention,

made on the oral argument, that the additional oral contract with Mrs. Nowalk was against the law of nature. The laws of nature, as related to human conduct, are not reduced to a Code or written in a Restatement,[1] and cannot be dogmatically stated.

The court below properly excluded evidence which the defendant sought to introduce, that calcimining and painting were embraced in 'janitor service' in subsequent contracts of hiring which he made with other persons. It had no possible relevance on the issues in these cases: Steinberg v. Nathan, 300 Pa. 496, 501, 150 A. 899; Keiter v. Miller, 111 Pa. Superior Ct. 594, 595, 596, 170 A. 364; Stephen's Digest of the Law of Evidence, Art. X; 1 Greenleaf on Evidence, Sec. 52. The maxim 'Res inter alios acta alteri nocere non debet' applies. Furthermore, a party cannot prove his case by contracts with third persons made after the event. They are in the class of self-serving declarations: Emmons v. McCreery, 307 Pa. 62, 66, 67, 160 A. 722.

The assignments of error in each case are overruled and the judgments are severally affirmed.

No. 136 April Term 1935, judgment affirmed.

No. 137 April Term 1935, judgment affirmed.

---

[1] See Bulwer Lytton's 'Tomlinsoniana'—addendum to 'Paul Clifford'—Maxim III.