Orner, Appellant, *v.* T. W. Phillips Gas & Oil Company.

Argued April 28, 1960. Before Jones, C. J., Bell, Musmanno, Jones, Cohen and Eagen, JJ.

196

*F. Cortez Bell,* with him *Richard A. Bell,* and *Bell, Silberblatt & Swoope,* for appellants.

*W. Albert Ramey,* with him *Rolland L. Ehrman,* and *John R. Wilson,* for appellee.

OPINION BY MR. JUSTICE BELL, September 26, 1960:

Plaintiffs filed an amended complaint in equity to cancel or alter a written gas and oil lease entered into between Sarah E. Orner and A. L. Orner,* her husband, and the Phillips Gas & Oil Company, on the grounds of fraud and material misrepresentations made by an agent of defendant, A. R. Burns, just prior to the execution of the lease. The Chancellor after hearing evidence and aided by the verdict of a jury dismissed the complaint.

In 1931 A. L. Orner purchased a tract of land containing 95 acres and title was placed in the name of his wife, Sarah E. Orner. Mrs. and Mr. Orner on January 11, 1933 leased the land to defendant "for the purpose of drilling and operating for oil and gas . . ." for a period of 20 years at an annual rental of 25 cents an acre. Mr. Orner testified that just prior to the expiration of the lease Burns came to his home and the lease of 1933 was renewed in identically the same form for a period of 20 years, except that the rental payment was increased to 50 cents an acre until gas was produced and thereafter $200 a year. The renewal lease was signed by Mr. and Mrs. Orner on July 7, 1952.

---

* In 1957 Mr. and Mrs. Orner conveyed to their three sons and their wives a joint interest in any oil and gas in this property.

On June 7, 1957 plaintiffs brought this suit. In October, 1957, defendant brought in a well on this property, several months after a well had been brought in by another company on an adjoining property.

Orner testified that he was 74 years old, that he was unable to read except large print without the use of a magnifying glass, and that he signed the lease in the belief that it provided for a royalty of one-eighth of any gas produced on the property. Mr. Orner did not read the lease but took it into the house and his wife signed it after asking him if it was all right to do so. His wife was not present when any representations or alleged misrepresentations were made by Burns to her husband. Plaintiff found out in 1957 that on July 7, 1952 defendant had signed the same form of lease with three neighbors and that these leases likewise did not provide for the payment of royalties of one-eighth of the gas produced and sold from their respective properties. Some time prior to 1957* Mr. and Mrs. Orner entered into an oil and gas lease on adjoining tracts with other oil companies and these leases provided for payment to them of a royalty of one-eighth of the gas produced. Burns denied the alleged representations and misrepresentations. Burns was not told by Orner nor did he know that Orner could not readily read.

Four questions were submitted to the jury, all of which were answered by the jury in favor of the defendant. The jury found that Burns had not stated to Orner that defendant would pay a royalty of one-eighth of the gas found and produced on the premises, but on the contrary Burns had told Orner that the royalty was to be exactly as set forth in the lease. The jury also found that Burns did not do anything to prevent Orner or his wife from reading the lease.

---

* The date is undisclosed.

The findings of a jury in an action in equity are merely advisory "and shall not be binding upon the Court": Rule 1513, Rules of Civil Procedure, 12 PS (Supp. 1959); *New York Life Insurance Co. v. Bodek Corp.,* 320 Pa. 347, 182 A. 384; *Evans v. Penn Mutual Life Insurance Co.,* 322 Pa. 547, 560, 186 A. 133; 13 P.L.E., Equity, Chapter 9, §142, p. 554. However, when the jury's findings are adopted or approved by a Chancellor who saw and heard the witnesses, they have the force and effect of a jury's verdict, and such findings as well as other findings of fact made by the Chancellor will not be reversed on appeal if they are supported by adequate evidence and confirmed by the Court en banc: *Liggins Estate,* 393 Pa. 500, 143 A. 2d 349; *Peters v. Machikas,* 378 Pa. 52, 105 A. 2d 708; *Pregrad v. Pregrad,* 367 Pa. 177, 80 A. 2d 58; *Barrett v. Heiner,* 367 Pa. 510, 80 A. 2d 729; *Wortex Mills, Inc. v. Textile Workers Union of America,* 380 Pa. 3, 109 A. 2d 815; *Oaks Fire Co. v. Herbert,* 389 Pa. 357, 132 A. 2d 193; *Eways v. Reading Parking Authority,* 385 Pa. 592, 124 A. 2d 92.

The Court accepted the jury's findings and said:

"The primary question to be determined in this action, was whether or not the execution of the lease was obtained from A. L. Orner and Sarah E. Orner, upon false and fraudulent representations made to the plaintiffs by A. R. Burns, the agent of the defendant.

"The plaintiffs did not aver, or prove, that the inability of A. L. Orner to read was disclosed to A. R. Burns. The plaintiff, A. L. Orner, did not testify that he requested A. R. Burns to read the lease to him. The plaintiff was cognizant of other leases in that vicinity paying a royalty of one-eighth, but according to the testimony of A. R. Burns, the plaintiff did not ask him that question. It further appears that the lease in question was the same as to its terms and royalty payments, as a lease in existence on this same

property, owned by these plaintiffs, which would expire in 1953, and the agent of the defendant testified that he told the plaintiffs it was the same form of lease.

"The disputed fact of the representations made to the plaintiff being a flat conflict between A. L. Orner and A. R. Burns, rested upon the credibility of the two parties, and the jury found A. R. Burns the most credible. . . . The Findings by the jury are accepted by the Court. . . ."

The evidence to support the findings of the jury and of the Chancellor and the lower Court was both adequate and ample.

Plaintiffs contend that the lease should be cancelled or altered and reformed to provide for the substitution of a one-eighth royalty because defendant's eyesight was very bad and he and his wife failed to read the lease. In *Phillips Gas & Oil Co. v. Kline,* 368 Pa. 516, 84 A. 2d 301, the Court said (pages 518, 519):

"Where there is no allegation *and proof** of fraud or where there is no legal justification for failure to read a written contract on which suit is brought, failure to read is an unavailing excuse or defense and cannot justify an avoidance, modification or nullification of the contract or any provision thereof: Berardini v. Kay, 326 Pa. 481, 192 A. 882; Schoble v. Schoble, 349 Pa. 408, 37 A. 2d 604; Silberman v. Crane, 158 Pa. Superior Ct. 186, 44 A. 2d 598.

"The statements of the agent as to the rent or royalty and the free gas, even if proved, could not, under the facts of this case, amount to fraud. This is nothing but an attempt by defendants to alter, by parol evidence, a subsequent written agreement with respect to three matters fully and specifically covered at length in the written agreement. Such an attempt,

---

* Italics throughout, ours.

in view of our recent decisions on this subject is astonishing. Where no fraud, accident or mistake is averred *and proved,* and the alleged prior or contemporaneous oral representation or agreement concerns a subject which is specifically dealt with in the written contract, the law is clearly and well settled that the alleged oral representation or agreement is merged in or superseded by the subsequent written contract and cannot vary, modify or supersede the written contract; and hence parol evidence thereof is inadmissible in evidence: Grubb v. Rockey, 366 Pa. 592, 79 A. 2d 255; Walker v. Saricks, 360 Pa. 594, 63 A. 2d 9; Gianni v. Russell & Co., Inc., 281 Pa. 320, 126 A. 791; Speier v. Michelson, 303 Pa. 66, 154 A. 127; O'Brien v. O'Brien, 362 Pa. 66, 66 A. 2d 309; Russell v. Sickles, 306 Pa. 586, 160 A. 610."

Plaintiffs further contend that the testimony of three neighbors was admissible as (a) corroborating evidence of Orner's testimony, or (b) for the purpose of attacking the credibility of Burns. Plaintiffs offered to prove that each of these neighbors* had been told by Burns that the printed form of lease which they signed—and which was the same printed form of lease which Mr. and Mrs. Orner signed—provided for a royalty of one-eighth of the gas produced, although the lease contained a contrary provision. Testimony on this collateral matter would not prove that Burns made such a statement to Orner or impeach his credibility, and the Chancellor properly sustained an objection to its admission. Cf. *Roncy v. Clearfield County Grange Mutual Fire Insurance Co.,* 332 Pa. 447, 449, 3 A. 2d 365; *Brubaker v. Berks County,* 381 Pa. 157, 161, 112 A. 2d 620; 1 Wigmore on Evidence 641, section 192; *Baker v. Irish,* 172 Pa. 528, 33 A. 558; *Veit v.*

---

* They had recently brought suit against defendant for the same alleged misrepresentations by Burns on July 7, 1952.

*Class and Nachod Brewing Co.,* 216 Pa. 29, 64 A. 871; *Wyatt v. Russell,* 308 Pa. 366, 162 A. 256; *Johnson County Savings Bank v. Koch,* 38 Pa. Superior Ct. 553; *Bos v. People's National Bank,* 41 Pa. Superior Ct. 388; *Artman v. Stanford,* 93 Pa. Superior Ct. 287; *Keiter v. Miller,* 111 Pa. Superior Ct. 594, 170 A. 364; *Nowalk v. Hileman,* 118 Pa. Superior Ct. 322, 180 A. 93.

Decree affirmed; appellants to pay the costs.