507 A.2d 867

**PITTSBURGH NATIONAL BANK, a National Banking Association, Appellant,**

**v.**

**John R. LARSON and Lillian E. Larson, Appellees.**

Superior Court of Pennsylvania.

Argued Dec. 16, 1985.

Filed April 8, 1986.

Beverly Poling-Kalis, Pittsburgh, for appellant.

Robert O. Lampl, Pittsburgh, for appellees.

Before BECK, JOHNSON and MONTGOMERY, JJ.

MONTGOMERY, Judge:

The Appellant, Pittsburgh National Bank, files this appeal from an Order of the lower court which granted the Appellees' petition to open a judgment taken by confession. The judgment was based upon a loan guarantee and was entered after a failure in payments on the loan. After careful review, we are constrained to conclude that the lower court erred in opening the judgment in this case, and we must therefore reverse.

The facts of record may be gleaned from the pleadings and from deposition testimony submitted to the lower court. It shows that the Appellee husband, John R. Larson, set up a meeting at the Appellant Bank with Robert M. Sadler, a Bank official with whom Larson had dealt on several prior

loan transactions. The purpose of the meeting was to secure a loan for Robert McConnell, a business associate of Mr. Larson. At that meeting, a loan of $15,000 was arranged for Mr. McConnell. However, it was understood that the loan had to be guaranteed, and there is no question that Mr. Larson agreed to act as a guarantor and signed an appropriate guarantee agreement at the same meeting.

The issues raised in this case involve the facts surrounding the liability of Mrs. Larson with regard to the loan. It is not disputed that Mrs. Larson's signature is on the same guarantee document that her husband signed. It is also clear that she did not sign the document at the Bank during the meeting, but either had it delivered to her by her husband for signature or received it in the mail from Mr. Sadler. It was agreed by all witnesses that Mr. Sadler never met with her with regard to the guarantee or made any oral or written statements or representations to her with regard to it. It should be noted that the guarantee document signed by both Mr. and Mrs. Larson has prominently printed on its face that it is a guarantee agreement with power to confess judgment, and also, it has information typed at the top to clearly indicate that it relates to a loan to Robert McConnell.

Mrs. Larson testified she did not recall the time or the circumstances of her signing of the guarantee agreement. She testified that she probably signed the document without reading it, and frequently signed business documents for her husband, based upon her trust in him, without any real examination or attempt to understand them.[1]

---

1. The Appellees argue on appeal that Mrs. Larson should be relieved of liability, and the judgment opened, based upon the defense of mistake. However, this ground for relief was not raised in the petition to open judgment filed by the Appellees in the lower court. Moreover, such a contention would be unavailing, as it is clear that if there was any mistake in this case, it was unilateral, on the part of Mrs. Larson, and therefore not a possible meritorious defense. See *Rusiski v. Pribonic,* 326 Pa.Super. 545, 474 A.2d 624 (1984) on the defense of mistake.

253 of the testimony as to the

There was a disagreement in the testimony as to the factual circumstances surrounding the loan. Mr. Sadler stated that he told Mr. Larson that he would authorize the unsecured loan to Mr. McConnell only upon a joint guarantee of Mr. and Mrs. Larson. Mr. Larson denied this and also denied that he had delivered the guarantee agreement to his wife, as asserted by Sadler. The Larsons claimed that the guarantee must have been sent to Mrs. Larson in the mail by Sadler after the meeting at the Bank, together with other documents, such as a right of recission notice, which she also signed.

After nonpayment by McDonnell on the loan, the Bank confessed judgment against the Appellees, based upon the guarantee agreement. The Appellees thereafter filed their petition to open, contending that the guarantee should not have been enforceable against Mrs. Larson.

■ In order to open a confessed judgment, a party must act promptly, allege a meritorious defense, and present sufficient evidence of that defense to require submission of the issues to a jury. *West Chester Plaza Associates v. Chester Engineers*, 319 Pa.Super. 196, 465 A.2d 1297 (1983); Pa.R.C.P. 2959. Equitable considerations are not relevant, unless they relate to a particular defense asserted by the judgment debtor. *Bell Federal Savings & Loan Association of Bellevue v. Laura Lanes, Inc.*, 291 Pa.Super. 395, 435 A.2d 1285 (1981). We also recognize that a petition to open a judgment is an appeal to the discretion of the trial court, and the exercise of that discretion is not to be reversed in the absence of a manifest abuse of discretion. *Tony Palermo Construction v. Brown*, 326 Pa.Super. 566, 474 A.2d 635 (1984). In the instant case, there is no question raised as to the conclusion of the lower court that the Appellees moved promptly to open the judgment. The only real question in this case is whether the lower court abused its discretion in finding that they carried their burden of establishing a meritorious defense.

■ The Larsons contended that the guarantee should not be enforceable against Mrs. Larson because her signature on the guarantee agreement was allegedly procured by fraud. The lower court's opinion makes it clear that it ordered the judgment opened in this case because it determined that there was sufficient evidence of fraud by the Appellant in the procurement of Mrs. Larson's signature to send the case to a jury.

It is clear that in order to submit an issue of fraud to a jury in our Commonwealth, a party must present clear, precise and convincing evidence of all of the elements of fraud. See *Delahanty v. First Pennsylvania Bank, N.A.,* 318 Pa.Super. 90, 464 A.2d 1243 (1983). In that case, our Court said that the party asserting fraud must meet an exacting standard before the judge may allow the jury to consider the issue, and the standard is higher than a mere preponderance of the evidence. As set forth in *Delahanty v. First Pennsylvania Bank, N.A., supra,* one is required to prove the following in order to establish fraud:

(1) a misrepresentation;

(2) a fraudulent utterance thereof;

(3) an intention by the maker that the recipient will thereby be induced to act;

(4) justifiable reliance by the recipient upon the misrepresentation; and

(5) damage to the recipient as the proximate result.

Upon our careful review of the entire record, we must conclude that there has been no evidence established of any misrepresentation in the procurement of Mrs. Larson's signature on the guarantee agreement to justify a finding by the lower court that there was sufficient evidence to submit the question of fraud to a jury in this case. An analysis of the evidence in a light most favorable to the Appellees leads only to the conclusion that Mrs. Larson signed the guarantee without reading it, which was apparently her usual practice in such matters. The failure to read a contract is certainly an unavailing defense and will not justify an

avoidance of the contract. See *Orner v. T.W. Phillips Gas & Oil Co.*, 401 Pa. 195, 199, 163 A.2d 880, 883 (1960). The Appellees' own evidence was that Mrs. Larson did not discuss the loan guarantee with Mr. Sadler or any other representative of the Appellant. Moreover, there is no evidence to suggest concealment, duress, or any other basis upon which one might reasonably conclude that a case of fraud might be established. See the discussion of different circumstances in which fraud may be established in *Mancini v. Morrow*, 312 Pa.Super. 192, 458 A.2d 580 (1983).

The lower court determined that the guarantee agreement *may* have been mailed to Mrs. Larson by the Appellant, along with documents from other loan transactions, thereby causing confusion, and suggesting *possible* impropriety by the Bank. There is no testimony by any *witness* that such circumstances occurred. Rather, there was only speculation by the attorney for the Appellees, who suggested during a deposition that such events may have occurred. There was no basis for the court below to rely upon such guesses by counsel as a basis for opening a judgment, especially where it was the Appellees' argument that fraud justified the opening. Further, there was no evidence to support the lower court's action based upon its apparent determination that Mrs. Larson may not have understood the nature of the guarantee agreement. It is evident from her testimony that she understood the legal meaning and significance of a loan guarantee agreement. In any event, such a determination could lend no weight to the Appellees' exacting burden of establishing the elements of their claimed meritorious defense of fraud.

Thus, it is evident that the record before the lower court did not contain evidence allowing the possible finding that fraud was clearly or convincingly established by the Appellees to justify opening the judgment as to Mrs. Larson. Therefore, we must conclude that the lower court clearly abused its discretion in this case.

The Order of the lower court is reversed, and the judgment for the Appellant is reinstated. Jurisdiction is not retained.