# Fleetway Leasing Co. v. Block

*Robert Reibstein,* for plaintiff.
*Kenneth Wallach,* for defendant.

ROSSANESE, *J.,* October 19, 1995—

## FACTS AND PROCEDURAL HISTORY

On or about March 23, 1988, plaintiff/appellee, Fleetway Leasing Company, and defendant/appellant, Sandra R. Block, entered into a written lease agreement whereby appellant agreed to lease a 1988 Cadillac DeVille for a period of 48 months.[1] The lease was negotiated through Alan Saline, a Pennsylvania broker/car dealer. And, at the time of signature, appellant tendered $3,000 to Mr. Saline as a down payment on the lease.

The lease agreement contained a clause stating that appellant would be liable for excess mileage at a rate of $.08 per mile over the 1,250 miles per month limit. In addition, the lease contained a confession of judgment clause.

Appellant made timely, monthly payments pursuant to the terms of the agreement through the expiration of the lease term. At the end of the lease, on August 17, 1992, Fleetway notified the appellant that she owed $2,638.38 for excess mileage under the terms of the lease. The notification further indicated that if payment weren't tendered, Fleetway would proceed with a confession of judgment against her.

On August 24, 1992, appellant sent a letter to Fleetway requesting a copy of all documents concerning the lease

---

1. Appellant is a New Jersey resident and Fleetway is located in Pennsylvania.

transaction. In addition, appellant telephoned Fleetway in an effort to work out a payment plan for the excess mileage.

On August 26, 1992, Fleetway mailed appellant a copy of the lease, her credit application, and the odometer disclosure statement. Fleetway also informed appellant that it would accept a monthly payment plan of $263.83 starting September 8, 1992, through June 8, 1993 in satisfaction of the excess mileage debt. Thereafter, appellant made only one payment to Fleetway in conformity with the terms of the previously described payment plan. Consequently, Fleetway proceeded to judgment.

On November 29, 1992, Fleetway notified the appellant that judgment had been entered against her on November 23, 1992.

On December 31, 1992, Fleetway filed a complaint on foreign judgment in New Jersey. And, on January 23, 1993, appellant filed an answer to the same arguing that she was unaware of the contents of the March 23, 1988, lease agreement. She also argued that confession of judgment was improper in New Jersey.

On January 12, 1994, after a mandatory arbitration hearing in New Jersey, our November 23, 1992, judgment was recognized and affirmed as properly entered.

On January 26, 1994, appellant filed a petition to strike and/or open judgment with our court. And, on September 29, 1994, we issued an order denying appellant's petition.

On October 27, 1994, appellant filed the present appeal contesting our September 29, 1994 order.

## ISSUES RAISED ON APPEAL

(1) Whether we erred when we denied appellant's petition to open and/or strike judgment where the petition was filed 14 months after entry of judgment.

(2) Whether we erred when we denied appellant's petition to open judgment for failure to demonstrate a meritorious defense.

(3) Whether we erred when we denied appellant's petition to strike judgment for lack of a substantial defect on the record.

## DISCUSSION

A petition to open judgment is an appeal to the equitable powers of the court and we have wide discretion in considering conflicting evidence and determining the conclusion to be reached therefrom. *First Seneca Bank & Trust Company v. Laurel Mountain Development Corporation,* 506 Pa. 439, 442, 485 A.2d 1086, 1088 (1994); *Bucks County Bank & Trust Co. v. DeGroot,* 226 Pa. Super. 419, 422, 313 A.2d 357, 359 (1973); *Yellow Cab Co. of Philadelphia v. Carpol Realty Co.,* 221 Pa. Super. 132, 134, 289 A.2d 241, 243 (1972).

The evidentiary standard for opening a confessed judgment is the same as that employed upon the consideration of a directed verdict; facts must be viewed in the light most favorable to the debtor, and the court must accept as true all evidence and proper inferences therefrom supporting the defense, and reject the adverse allegations of the creditor. 42 Pa.C.S. §2959(e).

Judgment taken by confession will be opened in only a limited number of circumstances, and only when the person seeking to have it opened acts promptly, alleges

a meritorious defense, and presents sufficient evidence of that defense to require submission of issues to a jury. 42 Pa.C.S. §2959(e). As explained *supra,* we determined that appellant failed to meet this burden.

In our case, appellant did· not file her petition to open and/or strike until January 26, 1994, 14 months after judgment was entered against her on November 23, 1992. After review of applicable case law, we determined that appellant did not act promptly, and that under the circumstances, 14 months was too long to wait to file her petition.

Appellant cited us to abundant case law indicating that we, as the trial court, are not bound by inflexible time frames when reviewing a petition to open judgment. *Lincoln Bank v. C & H Agency Inc.,* 500 Pa. 294, 302, 456 A.2d 136, 140 (1982); *Windber Trust Co. v. Evans,* 192 Pa. Super. 417, 161 A.2d 664 (1960). Appellant argued that where equitable circumstances exist, a default judgment may be opened regardless of the time that may have elapsed between entry of judgment and filing of the petition to open. *Queen City Electric Supply Co. Inc. v. Soltis Electric Co. Inc.,* 258 Pa. Super. 305, 311, 392 A.2d 806, 809 (1978), *aff'd,* 491 Pa. 354, 361, 421 A.2d 174, 177 (1980). Finally, appellant emphasized that, there is no "magic formula" by which we, the trial court, can determine whether a delay is too long or not. Our determination must depend on the particular facts of the case. *Government Employees Financial Corp. v. Walker,* 259 Pa. Super. 371, 375, 393 A.2d 873, 874-75 (1978).

We agree wholeheartedly with appellant's recitation of the law. It is, in fact, in our discretion to look at

the particular facts of the case and decide whether too much time has elapsed. However, appellant fails to indicate that the crucial factor in determining whether a petition is timely filed is not the specific time which has elapsed, but the reasonableness of the explanation given for the delay. *Funds for Business Growth Inc. v. Maraldo,* 443 Pa. 281, 287, 278 A.2d 922, 925 (1971); *Lincoln Bank v. C & H Agency Inc., supra* at 302, 456 A.2d at 140.

Appellant explains that she did not file her petition to open because she was waiting for everyone else. She was waiting for Fleetway to send her a copy of her lease; she was waiting for Fleetway to produce a copy of an alleged promissory note; she was waiting to see if the New Jersey court would recognize our Pennsylvania judgment; and she was waiting for a Pennsylvania trial so that she could present her defense. Procrastination is not a reasonable explanation for a 14 month delay.

Appellant contends that she communicated with Fleetway prior to entry of judgment, and explained that she had a defense in that she did not know that the lease contained a confession of judgment clause. Based on this pre-judgment communication, she claims that she was awaiting a trial date so that she could present her defense. Appellant also claims that because she alleged a defense in her answer to confession of judgment in New Jersey, all action on the judgment should have been stayed. Appellant's explanation for the delay is not only unreasonable, it is illogical.

Appellant seems to think that the judicial system should place everything on hold until appellant gets

around to addressing the claims brought against her. She explains her delay by stating that she was waiting for the plaintiff and the Pennsylvania and New Jersey judicial systems to get back to her on the status of the suit brought against her. She proffers this explanation despite the fact that Fleetway sent her two demand letters dated August 17, 1992, and August 26, 1992, respectively, stating that if she did not make payment judgment would be entered against her. Further, appellant acknowledged this threat by not only working out a payment plan with Fleetway, but also by making one payment under the plan in September of 1992. Finally, on November 29, 1992, Fleetway notified the appellant that judgment had been entered against her a few days earlier on November 23. Appellant then waited until January 26, 1994, to file her petition to open.

In *First National Bank of Allentown v. Stoudt*, 237 Pa. Super. 238, 240, 352 A.2d 162, 164 (1975), the defendant signed a personal guaranty to obtain a corporate loan. The corporation failed and the bank confessed judgment. By agreement, the bank released the judgment on certain property so that it could be sold, and the sale proceeds were applied towards the defendant's judgment. Two years later, the defendant filed a petition to open which was ultimately denied by the court. The Superior Court affirmed the trial court's denial, finding that the petitioner had received timely notice of the entry of the judgment evidenced by the fact that the petitioner had made several post-notice, voluntary payments in an effort to satisfy his debt, and consequently concluded that the delay was unreasonable.

Further, appellant's quasi explanation that she was waiting for her trial date to present her defense is in error. Under Pa.R.C.P. 2959(e) and 2960, appellant cannot reach the trial stage unless, and until, she files a petition to open and/or strike the judgment. Rule 2959(e) and 2960 respectively state,

"The court shall dispose of the rule [to show cause] on petition and answer, and on any testimony, depositions, admissions and other evidence. The court for cause shown may stay proceedings on the petition insofar as it seeks to open the judgment pending disposition of the application to strike off the judgment. If the evidence is produced which in a jury trial would require the issues to be submitted to the jury the court shall open the judgment." Pa.R.C.P. 2959(e).

"If a judgment is opened in whole or in part the issues to be tried shall be defined by the complaint if a complaint has been filed, and by the petition, answer and order of the court opening the judgment. There shall be no further pleadings. The right to a jury trial on the opened judgment shall be deemed waived unless a party files and serves a written demand for a jury trial within 20 days after the order opening judgment; but if the issue is referred to compulsory arbitration, Rule 1007.1 shall apply." Pa.R.C.P. 2960.

In our case, appellant claims that she was waiting for a trial so that she could defend against the judgment. Under the rules, she is not entitled to a trial unless she files a petition to open and/or strike the judgment, the petition is granted, and, she files and serves a written demand for a jury trial. Appellant never filed a petition to start this process. Consequently, we considered this an unreasonable explanation for a 14 month delay. Also note, this explanation seemed especially unreasonable given the fact that she is represented by her doting

son, who according to his own description, is a well seasoned attorney.

Appellant also argues that she has a meritorious defense to the judgment entered against her. Appellant claims that her rights of notice and opportunity to be heard were violated because she never voluntarily consented to judgment being entered against her under the terms of the lease. In short, she argues that she did not know that a confession of judgment provision was included in the lease agreement that she signed. In addition, when asserting this defense, appellant makes vague charges of fraud against Alan Saline, the broker who negotiated the lease between appellant and Fleetway Leasing.

The pertinent provision of the lease agreement reads,

"Lessor does by these presents hereby authorize and empower the prothonotary, clerk of court or any attorney of any court of record of the Commonwealth of Pennsylvania, or of any other competent jurisdiction, to appear for and to confess judgment against lessee for the total of all sums due under the terms of this lease agreement, or for suit of replevin for possession of the leased vehicle for which this agreement shall be sufficient warrant, as of any term, past, present or future, with or without declaration, with costs of suit, release of errors, without stay of execution, and with 10 percent added for collecting fees and costs of suit and lessee also waives the right of inquisition on any real estate that may be levied upon for collection and does hereby voluntarily condemn the same, and authorize the prothonotary to enter upon the writ of execution lessee's said voluntary condemnation, and

"Lessee further agrees that said real estate may be sold on a writ of execution and lessee hereby waives and releases all relief from any and all appraisement,

stay or exemption laws of any state, now in force, or hereafter to be passed. Lessor's authority under this provision shall not be excused by any exercise by lessee or its assignee, but judgment may be confessed from time to time and at will after the expiration hereof or any renewal hereof."

The appellant, a New Jersey resident, alleges that she contacted Alan Saline, a broker/car dealer in Pennsylvania, for the purpose of leasing a new vehicle. Saline advised the appellant that he could provide a 1988 Cadillac Sedan DeVille owned by Fleetway Leasing Company of Bala Cynwyd, Pennsylvania for a four year lease commencing April 1, 1988.

On March 23, 1988 Mr. Saline delivered the Cadillac in question to the appellant at her home at 1615 Pleasant Drive, Cherry Hill, New Jersey. The appellant contends that she sat with Mr. Saline in the car in her driveway and was handed the lease agreement for execution. Mr. Saline neither informed her that she should have an attorney independently review the lease prior to signature, nor advised her that the lease contained a confession of judgment clause. In addition, Mr. Saline allegedly failed to inform appellant that she would be charged for excess mileage under the terms of the agreement. Finally, appellant claims that she was not given a copy of the lease agreement at that time. (See appellant's recitation of the facts in her brief in support of her petition to open and appellant's affidavit.)

First and foremost, appellant's evidence of misrepresentation is barred by the Parol Evidence Rule. Under the Parol Evidence Rule, the terms of a written contract which are clear and unambiguous cannot be varied, contradicted, altered, added to or modified by parol evidence. See P.L.E. "Evidence," section 251, citing,

Corbin on Contracts, section 573. Further, it has long been established, that, in accordance with the Parol Evidence Rule, oral testimony of prior or contemporaneous oral agreements cannot be introduced to vary or contradict the terms of a written agreement. Such testimony may only be used for clarification purposes where the agreement contains either a patent or latent ambiguity. *First Pennsylvania Bank, N.A. v. Weber,* 240 Pa. Super. 593, 600-601, 360 A.2d 715, 719 (1976).

Our review of the lease indicates that the agreement's provisions are clear and unambiguous. The lease unequivocally states that judgment could be confessed against the lessee for the total of all sums due under the lease. Thus, there is no reason to look beyond the four corners of the document. In addition, appellant has never alleged that the lease is ambiguous; she simply states that she never read it. Therefore, appellant's allegations concerning Alan Saline's misrepresentations of the lease provisions cannot support a meritorious defense. In addition, there is a non-oral modification clause in the lease. According to paragraph 25 of the lease agreement,

"This lease agreement contains the entire agreement of the parties hereto and it, including paragraph 22, may only be modified, changed, or canceled by a writing signed by the parties hereto. There are no verbal agreements between the parties hereto."

Further, even if appellant's evidence were admissible, the failure to read a contract is certainly an unavailing defense and will not justify an avoidance of contract. *Orner v. T.W. Phillips Gas & Oil Co.,* 401 Pa. 195, 199, 163 A.2d 880, 883 (1960). In *Pittsburgh National Bank v. Larson,* 352 Pa. Super. 250, 254, 507 A.2d 867, 869 (1986), the Superior Court held that a co-

guarantor of a note may have been mistaken as to the contents of the document due to her signing without any real examination or attempt to understand the guarantee agreement, however, that was not a meritorious defense in the petition to open judgment.

In *Pittsburgh National Bank v. Larson,* the petitioner alleged that her signature was procured by fraud. *Id.* at 254, 507 A.2d at 869. The court determined that in order to support this allegation, petitioner was required to demonstrate the five elements as set forth in the case of *Delahanty v. First Pennsylvania Bank, N.A.,* 318 Pa. Super. 90, 108, 464 A.2d 1243, 1252 (1983), to wit: (1) a misrepresentation; (2) a fraudulent utterance thereof; (3) an intention by the maker that the recipient will thereby be induced to act; (4) justifiable reliance by the recipient upon the misrepresentation; and (5) damage to the recipient as the proximate result. Because the petitioner in *Pittsburgh National Bank v. Larson* simply asserted that she had not carefully read the agreement, the court vehemently rejected this defense. *Id.*

In our case, the appellant admits that she did not read the lease prior to signature. She contends that she asked the broker, Mr. Saline, if there was anything else in the lease that she should be aware of, and the broker replied no. Appellant further contends that she never received a copy of the lease from the broker. Based on the *Pittsburgh National Bank v. Larson* case, appellant failed to establish the above cited elements, and appellant, therefore has no meritorious defense.

Finally, appellant argues that we erred when we denied her petition to strike the judgment due to the fact that there was a defect on the record in plaintiff's affidavit of debtor's waiver of rights. When a creditor files for entry of judgment against a debtor, the creditor is re-

quired to submit with the judgment package an affidavit documenting that the debtor waived his/her rights concerning entry of judgment. Appellant alleges that there was a defect in the affidavit submitted by Fleetway's attorney.

Fleetway's plaintiff's affidavit of debtor's waiver of rights stated, "that at the time of signing of the document containing provision for judgment by confession in said matter (the lease), the individual defendant; . . . did intentionally, understandingly and voluntarily waive release of errors; and the facts showing such waiver are a promissory judgment note executed by the defendant waiving the same."

Appellant never signed a promissory note. This fact is undisputed. Consequently, appellant argues that because plaintiff's affidavit of debtor's waiver of rights, attached to the original judgment package, mistakenly states that the waiver was contained in a promissory note as opposed to the lease agreement, there is a defect on the record, and the judgment should be stricken. We disagree based on the following case law.

A motion to strike a confessed judgment is proper where a defect in the original judgment appears on the face of the record. *Kline v. Hudson,* 40 D.&C.3d 448 (1986); *Frantz Tractor Co. Inc. v. Wyoming Valley Nursery,* 384 Pa. 213, 215, 120 A.2d 303, 304 (1956). However, a mistake in the nature of a clerical error is not proper ground to invalidate the entry of judgment by confession. *Cam Vending Service v. Kessler,* 204 Pa. Super. 400, 402, 204 A.2d 490, 491 (1964). Further, in *George H. Althof Inc. v. Spartan Inns of America Inc.,* 295 Pa. Super. 287, 291, 441 A.2d 1236, 1238 (1982), the court held that the petitioner must demonstrate prejudice as a result of the defect in order to strike a confession of judgment. In *Althof,* the court

found that the fact that the verification of a complaint was made by the attorney, rather than by the plaintiff, was insufficient to strike a judgment by confession without a showing of prejudice as a result of the defect.

In our case, we determined that the fact that plaintiff's affidavit stated that judgment was proper under a lease agreement and a promissory note, rather than just the lease agreement is a clerical error, not a substantive one. Further, appellant is unable to show prejudice as a result of the defect. Fleetway could properly enter judgment against her based on the terms of the lease agreement. The fact that plaintiff did not also have a promissory note to support entry of judgment is mere superfluage and does not alter the result. Finally, the lease agreement contained a release of errors clause in paragraph 21. Thus, even if the defect were material, appellant waived her right to argue the same when she signed the lease.

In her brief, appellant cited us to the case of *Kraynick v. Hertz,* 443 Pa. 105, 111, 277 A.2d 144, 147 (1971), where the court stated, "The true purpose of the entry of a default is to speed the cause thereby preventing a dilatory or procrastinating defendant from impeding the plaintiff in the establishment of his claim. It is not procedure intended to furnish an advantage to the plaintiff so that a defense may be defeated or a judgement reached without the difficulty that arises from a contest by the defendant." While appellant intended that we focus in on the latter part of the quotation, we find the former more apropos to the present set of facts. This is clearly a situation where a procrastinating defendant attempted to delay plaintiff from establishing its claim, and entry of judgment was proper.

For the foregoing reasons, our order of September 29, 1994, should be affirmed.