J-A22024-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| PR FINANCING LIMITED PARTNERSHIP | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ZHEN XIANG WENG AND YUE YING DONG, TRADING AS SUKURA EXPRESS | |
| Appellants | No. 274 MDA 2015 |

Appeal from the Order January 8, 2015
in the Court of Common Pleas of York County
Civil Division at No(s): 2013-NO-7486-30
2014 SU-1030-40

BEFORE:  BOWES, J., JENKINS, J., and PLATT, J.[*]

MEMORANDUM BY JENKINS, J.:                    **FILED AUGUST 28, 2015**

Appellants Zhen Xiang Weng and Yue Ying Dong ("Appellants") appeal the January 8, 2015 order of the York County Court of Common Pleas denying their Petition to Open Confession of Judgment.  We affirm.

On October 22, 2012, while represented by counsel, Appellants entered into a commercial lease agreement with PR Financing Limited Partnership ("PR Financing") to operate a Chinese restaurant in the North Hanover Mall, located in Hanover, Pennsylvania.  The parties amended the

_____

[*] Retired Senior Judge assigned to the Superior Court.

lease on November 28, 2012.[1]  The restaurant opened on August 31, 2013, but closed within two weeks.

_____

[1] The lease's confession of judgment clause provides, in pertinent part:

> **Confession of Judgment – Rent.**  Tenant covenants and agrees that if there is an Event of Default, then Landlord may, without limitation, cause judgments for money to be entered against Tenant and, for those purposes, Tenant hereby grants the following warrant of attorney:  Tenant hereby irrevocably authorizes and empowers any prothonotary, clerk of court, attorney of any record of court, and/or Landlord (as well as someone acting for Landlord) in any and all actions commenced against Tenant for recovery of the Rent and/or other amounts to be paid to Landlord by Tenant to appear for Tenant, assess damages, and confess or otherwise enter judgment against Tenant for all or any part of the Rent and/or other amounts to be paid to Landlord by Tenant including, without limitation, sums under Section 16.02(a), together with interest, costs, and an attorneys' commission of five percent (5%) of the full amount of such Rent, amount and sums.  Thereupon, writs of execution as well as attachment may forthwith issue and be served without any prior notice, writ, or proceeding whatsoever except as may otherwise be required by applicable law.  The warrant of attorney herein granted shall not be exhausted by one or more exercises of it; successive actions may be commenced and successive judgments may be confessed or otherwise entered against Tenant, from time to time, as often as any of the Rent and/or other amounts and sums shall fall or be due or be in arrears.  This warrant of attorney may be exercised during the Term of this Lease, any extension or renewals thereof, and/or after the termination or expiration of the Term.  The provisions of Section 16.02(d) are incorporated herein by this reference.

Lease, Section 16.02(b).

PR Financing sent Appellants a notice of default on September 17, 2013. On October 22, 2013, PR Financing sent Appellants a notice that it had taken possession of the premises without termination of the lease.

On November 15, 2013, PR Financing filed a complaint in confession of judgment, and the York County Court of Common Pleas prothonotary entered judgment against Appellants. That same day, the prothonotary served Appellants with a notice of entry of the confessed judgment. Appellants received the notice within a few days. PR Financing also served Appellants with the Important Notice of Intent to Execute on the Judgment, which Appellants received via overnight delivery to their home on November 22, 2013.

Over four months later, on March 26, 2014, Appellants filed a Petition to Open Confession of Judgment ("Petition to Open"). The trial court allowed discovery on the Petition to Open. Appellants were deposed with the aid of a Chinese-Mandarin interpreter. During the deposition, Appellant Weng testified that he is a naturalized citizen of the United States who has been in the United States for 20 years and doing business as a restauranteur for over 18 years; he was educated as an accountant in China; he has retained attorneys before for the purposes of entering two prior English-language leases for his restaurants; he consulted with numerous attorneys during the four month period between receiving the notice of confession of judgment and the filing of the Petition to Open; and he was aware of the need to act in response to the Confession of Judgment.

The trial court conducted a hearing on the Petition to Open on October 16, 2014. At the hearing, the parties relied on the deposition testimony and exhibits to make argument to the court. On January 12, 2015, the trial court denied the Petition to Open. Appellants timely appealed.

Appellants raise a single claim for review:

Whether the [t]rial [c]ourt improperly denied Appellant's [sic] Petition to Open Confession of Judgment, thereby committing abuse of discretion?

Appellants' Brief, p. 5.

We have noted that:

[a] petition to open judgment is an appeal to the equitable powers of the court. As such it is committed to the sound discretion of the hearing court and will not be disturbed absent a manifest abuse of discretion.

*PNC Bank v. Kerr*, 802 A.2d 634, 638 (Pa.Super.2002); *Huntington Nat. Bank v. K-Cor, Inc.*, 107 A.3d 783, 785 (Pa.Super.2014) ("We review a court's order denying a petition to open a confessed judgment for an abuse of discretion.").

This Court's standard of review regarding the denial of a petition to open or strike a default judgment requires that the Court:

examine the entire record for any abuse of discretion, reversing only where the trial court's findings are inconsistent with the clear equities of the case. Moreover, this Court must determine whether there are equitable considerations which require that a defendant, against whom a default judgment has been entered, receive an opportunity to have the case decided on the merits. Where the trial court's analysis was premised upon record evidence, where its findings of fact were deductions from other

facts, a pure result of reasoning, and where the trial court made no credibility determinations, this Court may draw its own inferences and arrive at its own conclusions. Finally, where the equities warrant opening a default judgment, this Court will not hesitate to find an abuse of discretion.

***Aquilino v. Philadelphia Catholic Archdiocese***, 884 A.2d 1269, 1280 (Pa.Super.2005) (quoting ***Reid v. Boohar***, 856 A.2d 156, 159 (Pa.Super.2004)).

The Pennsylvania Rules of Civil Procedure permit judgment by confession and govern the opening of such a judgment. ***See*** Pa.R.C.P. 2950 *et seq.*

[A] petition to open rests within the discretion of the trial court, and may be granted if the petitioner (1) acts promptly, (2) alleges a meritorious defense, and (3) can produce sufficient evidence to require submission of the case to a jury.

***Hazer v. Zabala***, 26 A.3d 1166, 1169 (Pa.Super.2011) (quoting ***PNC Bank, Nat. Ass'n v. Bluestream Tech., Inc.***, 14 A.3d 831, 835-36 (Pa.Super.2010)). Once a written notice of a judgment entered by confession is served, a defendant/petitioner has 30 days in which to file a petition to open the judgment. Pa.R.C.P. 2959(a)(3). "Unless the [petitioner] can demonstrate that there were compelling reasons for the delay, a petition not timely filed shall be denied." ***Id.***

As this Court has explained:

a court should open a confessed judgment if the petitioner promptly presents evidence on a petition to open which in a jury trial would require that the issues be submitted to the jury. A petitioner must offer clear, direct, precise and believable evidence of a meritorious defense, sufficient to raise a jury

- 5 -

question.  In determining whether sufficient evidence has been presented, we employ the same standard as in a directed verdict: we view all the evidence in the light most favorable to the petitioner and accept as true all evidence and proper inferences therefrom supporting the defense while we reject adverse allegations of the party obtaining the judgment.

*Stahl Oil Co. v. Helsel*, 860 A.2d 508, 512 (Pa.Super.2004) (internal citations omitted).

Appellants argue that the trial court erred in denying the Petition to Open because the combination of a failure to retain counsel despite having contacted 10 different attorneys during the 30 days after receiving the notice of confessed judgment and an alleged language barrier provided a compelling reason justifying their four-month delay in filing the Petition to Open.  *See* Appellants' Brief, pp. 9-13.  We disagree.

The instant case turns on whether Appellants promptly filed their petition to open judgment.  Appellants admit they received notice of the confession of judgment within a few days of November 15, 2013, but did not file their Petition to Open until four months after receiving service of the notice.  Because they did not file their petition to open within 30 days of service of the notice, Appellants must demonstrate a compelling reason for the delay.  *See* Pa.R.C.P. 2959(a)(3).  Without citing to any legal authority, Appellants claim that an inability to speak, read, or understand the English

language well is a *per se* compelling reason to excuse their delay.[2] Alternatively, they claim their alleged language barrier, combined with a failure to retain counsel despite visiting at least 10 law firms in the 30 days that followed receipt of the Notice of Intent to Execute, prevented timely filing of the Petition to Open and thereby provides a compelling reason for the delay.

PR Financing argues that an inability to understand or communicate well in the English language is akin to "any other insufficiency of knowledge or risk that a business person must appreciate or take the consequences[,]" and does not provide a valid excuse to avoid liability on contracts.[3] ***See*** PR Financing's Brief, p. 8 (citing ***Fried for Use of Berger Supply Co. v. Feola***, 129 F. Supp. 699 (W.D. Pa. 1954) (difficulty understanding English does not render contract unenforceable) and ***Morales v. Sun Constructors, Inc.***, 541 F.3d 218, 222 (3d Cir. 2008) ("In the absence of fraud, the fact that an offeree cannot read, write, speak, or understand the English language is immaterial to whether an English-language agreement the offeree executes is enforceable.")). PR Financing likens a language barrier to a failure to read

---

[2] Appellants simply conclude that "it is common sense that a language barrier is [p]er [s]e a compelling reason." Appellants' Brief, p. 12.

[3] This Court's research has revealed no Pennsylvania case discussing whether an alleged language barrier provides a *per se* compelling reason for delay in filing a petition to open a confession judgment after receipt of notice.

a contract, which, as supine negligence, does not provide a compelling reason to avoid the terms of the contract.[4]  **See** PR Financing's Brief, pp. 7-8.

In any event, regardless whether an alleged language barrier alone is a defense, Appellants' claim fails.  Appellant Weng admitted that he received the notice of confession of judgment.  Further, his actions in attempting to secure representation in the 30 days that followed his receipt of the notice illustrate that he knew action was required.  This is not simply a case of foreign language-speaking individuals not understanding the contents of the warning and/or not being able to find representation until after the 30-day period had passed.  Rather, Appellants' problem stems from the nearly three months delay[5] between the 30-day period during which they claim to have

_____

[4] Pennsylvania courts have found that a failure to read a confession of judgment is not grounds to open the judgment: **Dollar Bank, Fed. Sav. Bank v. Northwood Cheese Co.**, 637 A.2d 309 (Pa.Super.1994); **Pittsburgh Nat. Bank v. Larson**, 507 A.2d 867 (Pa.Super.1986); **T. W. Phillips Gas & Oil Co. v. Kline**, 84 A.2d 301 (Pa.1951); **Germantown Sav. Bank v. Talacki**, 657 A.2d 1285, 1289 (Pa.Super.1995) (allegation that party did not read the documents she signed and would not have understood the documents even if she had read them insufficient reason to open judgment).

[5] Appellants received the notice of confession of judgment via overnight mail on November 22, 2013.  Therefore, the 30-day period during which Appellant claimed to have contacted 10 attorneys ended on December 22, 2013.  Appellants did not secure the services of counsel until March 17, 2014.  Appellants offer no explanation for the intervening 82 days.

contacted 10 attorneys and when they retained representation and filed the Petition to Open.

The trial court found Appellants' excuses insufficient, explaining:

The Petition to Open was filed over four months after confession of judgment was entered, well beyond the 30 day requirement. The excuse for the delay was [Appellants'] difficulty retaining counsel and their difficulty communicating in English; however, [Appellant] Weng consulted with numerous attorneys during that four month period and was aware of the need to act in response to the Confession of Judgment. In addition, [Appellant] Weng has been in the United States for approximately 20 years, has operated two business [sic] for over 18 years and is a naturalized citizen who was educated as an accountant in China. The alleged language barrier also did not prevent [Appellants] from retaining counsel and entering into the lease that is subject of the confession of judgment or entering into two prior restaurant leases that were also drafted in English.

Order Denying Petition to Open Confession of Judgment, January 8, 2015,[6] p. 2.

We discern no abuse of discretion in the trial court's ruling that Appellants' alleged language barrier and difficulty retaining counsel did not present a compelling reason or reasonable explanation for their delay in filing the Petition to Open.

For the preceding reasons, we affirm the trial court's January 8, 2015 denying Appellants' Petition to Open Confession of Judgment.

_____

[6] While signed on January 8, 2015, this order was not docketed until January 12, 2015. The trial court's Pa.R.A.P. 1925(a) Opinion incorporates this order. *See* Pa.R.A.P. 1925(a) Opinion, March 6, 2015, pp. 1-2.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/28/2015